[Cite as *Bright v. Mao*, 2025-Ohio-5545.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| FOREST M. BRIGHT | : | |
| | : | C.A. No. 2025-CA-46 |
| Appellee | : | |
| | : | Trial Court Case No. 2022 DR 0115 |
| v. | : | |
| | : | (Appeal from Common Pleas Court- |
| JU MAO | : | Domestic Relations) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 12, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

**OPINION**
GREENE C.A. No. 2025-CA-46

JU MAO, Appellant, Pro Se
DAVID S. PETERSON, Attorney for Appellee

TUCKER, J.

{¶ 1} Ju Mao appeals pro se from the trial court's entries (1) clarifying the parties' parenting-time schedule and denying her make-up parenting time and (2) overruling of her Civ.R. 60(A) and (B) motion to vacate the clarifying entry.

{¶ 2} Mao alleges a due process violation based on the clerk of court's handling of two related motions for make-up parenting time. She also contends the trial court erred in treating a motion for make-up parenting time as a motion seeking clarification of parenting-time orders. She next challenges the trial court's overruling of her Civ.R. 60(A) and (B) motion to vacate its clarifying entry. Finally, she argues that the trial court's refusal to award her compensatory parenting time violated her substantive due process rights.

{¶ 3} For the reasons set forth below, we find Mao's arguments to be unpersuasive and affirm the trial court's judgment.

## I. Background

{¶ 4} Mao married plaintiff-appellee, Forest Bright, in 2013, and they had one child together. In July 2018, Bright filed a complaint for legal separation under another case number. Bright later filed a June 2022 complaint for divorce in the above-captioned case, and the legal-separation proceeding merged into it. The trial court then entered a final judgment and divorce decree on June 30, 2025. Among other things, the divorce decree awarded Bright legal custody of the parties' child and granted Mao parenting time. Approximately two months after finalization of the divorce, Mao filed a motion for make-up

2

parenting time. She argued that Bright improperly had denied her mid-week parenting time during the school year for the past three years and eight months. Shortly thereafter, Mao filed a nearly identical motion to compel make-up parenting time. Again, she argued that Bright had deprived her of court-ordered mid-week parenting time for three years and eight months.

{¶ 5} The trial court resolved Mao's first motion for make-up parenting time in a September 9, 2025 judgment entry. It noted that the dispute involved whether she was entitled to mid-week parenting time every Wednesday or every other Wednesday during the school year. For context, the trial court examined parenting-time language in the parties' earlier separation agreement, an interim order issued prior to the divorce decree, and the divorce decree itself. After reviewing those documents, the trial court clarified that Mao was entitled to mid-week parenting time every Wednesday. Despite finding her interpretation of the relevant parenting-time language correct, it denied her request for compensatory parenting time, concluding "that there is no means nor necessity for any 'make-up' parenting time." Following the trial court's ruling, Mao filed a Civ.R. 60(A) and (B) motion to vacate the trial court's September 9, 2025 entry clarifying her mid-week parenting time. The trial court overruled the motion to vacate on September 22, 2025. Mao timely appealed, advancing four assignments of error.

## II. Analysis

{¶ 6} The first assignment of error states:

The trial court erred and violated Appellant's due process rights where the Clerk **blocked, delayed, and withheld** Appellant's complete August 29, 2025 Motion to Compel for eleven (11) days, refusing to docket it until September 9, 2025 at 7:56 a.m.—after the court had already ruled that same morning.

3

Instead, on September 3, 2025, the Clerk **misfiled the rejected and incomplete August 28 draft motion in** place of the operative August 29 submission.

{¶ 7} Mao contends the clerk of court failed to comply with Civ.R. 3(E) and Civ.R. 5(D)(3) by refusing for 11 days to docket the motion to compel make-up parenting time referenced above. She contends the trial court violated her due process rights by not docketing the motion to compel until 7:56 a.m. on September 9, 2025, shortly after the trial court had ruled on her earlier motion for make-up parenting time.

{¶ 8} Upon review, we find Mao's argument to be unpersuasive. As explained above, she presented two motions addressing make-up parenting time. The first motion was dated August 28, 2025 but was not docketed until September 3, 2025. The second motion was dated August 29, 2025 but was not docketed until September 9, 2025. The motions were substantially similar, and both sought compensatory parenting time based on Bright's denial of parenting time every other Wednesday during the school year. The only real difference between the two motions was that the one docketed on September 3, 2025 failed to include as an exhibit a copy of the parenting-time provision in the divorce decree. The motion docketed on September 9, 2025 included this provision as an exhibit.

{¶ 9} As for Mao's argument on appeal, we note that the Civil Rules she cites do not apply. The first rule, Civ.R. 3(E), addresses venue when there is no proper forum in Ohio. The second rule, Civ.R. 5(D)(3), does not even exist. In any event, we see no due process violation arising from the clerk's handling of Mao's two motions. The delay she cites appears to have involved submission and approval of an affidavit of indigency. Regardless of the propriety or cause of the delay (matters we need not address), Mao's August 28, 2025 motion ultimately was docketed on September 3, 2025, and her August 29, 2025 motion was

4

docketed on September 9, 2025. Contrary to Mao's argument, the second motion was docketed approximately one hour before the docketing of the trial court's September 9, 2025 entry resolving her first motion. For present purposes, though, her argument on this point is immaterial.

{¶ 10} Although Mao characterizes her first motion as "incomplete" and a "draft," she presented it to the clerk for filing, and she has appealed from the trial court's disposition of it. We note too that the first motion for make-up parenting time was nearly identical to her subsequent motion to compel make-up parenting time. The only real difference was that the second motion included a copy of pertinent language from the divorce decree. In its September 9, 2025 judgment entry resolving the first motion, the trial court quoted and considered this language from the divorce decree despite Mao's failure to include it as an exhibit. For the foregoing reasons, we fail to see how Mao's due process rights were violated by the trial court resolving her August 28, 2025 motion that was docketed on September 3, 2025. The first assignment of error is overruled.

{¶ 11} The second assignment of error states:

The trial court erred in reframing Appellant's Motion to Compel Make-Up Parenting Time as a matter of "interpretation" of parenting schedules, rather than enforcing existing orders, and thereby denied her enforcement relief.

{¶ 12} Mao contends the trial court's judgment entry improperly recharacterized her motion as involving a matter of parenting-time "interpretation" rather than seeking enforcement and an allowance of make-up parenting time.

{¶ 13} Once again, we find Mao's argument to be unpersuasive. Both of her motions sought make-up parenting time based on Bright's failure to provide her with parenting time every other Wednesday during the school year. The record reveals that the parties

5

disagreed about whether mid-week parenting time was to occur every week or every other week. To resolve the dispute, the trial court began by examining pertinent language in the divorce decree and prior orders. For the parties' benefit, it clarified that Mao in fact was entitled to mid-week parenting time every Wednesday. The trial court then turned to her request for make-up parenting time and found no "necessity" for compensatory parenting time. We see nothing improper about the trial court interpreting the applicable parenting-time language before ruling on Mao's request. The second assignment of error is overruled.

{¶ 14} The third assignment of error states:

The trial court abused its discretion in denying Appellant's September 18, 2025 Motion to Vacate, improperly attributing to Appellant the Clerk's eleven-day **blocking, delaying, and withholding** of her August 29, 2025 Motion to Compel, and the Clerk's **misfiling of the rejected and incomplete August 28 draft motion** in its place, contrary to Civ.R. 60(A) and 60(B).

{¶ 15} Mao next challenges the trial court's overruling of her Civ.R. 60(A) and (B) motion to vacate its September 9, 2025 entry resolving her September 3, 2025 motion for make-up parenting time. The motion to vacate was predicated on the clerk's alleged "blocking," "delaying," and "withholding" of Mao's August 29, 2025 motion and its "misfiling" and subsequent ruling on her August 28, 2025 motion, which she characterized as "the wrong motion."

{¶ 16} As noted above, both of Mao's motions were docketed before the trial court ruled on the August 28, 2025 motion. The two motions also were substantially similar, raising the same issue and legal argument. Under these circumstances, and notwithstanding Mao's complaints about the docketing process, the trial court did not abuse its discretion in finding no basis for relief under Civ.R. 60(A) or (B). The third assignment of error is overruled.

**{¶ 17}** The fourth assignment of error states:

The trial court's refusal to grant make-up parenting time, despite acknowledging Appellant's weekly Wednesday right, infringed on her **fundamental parental liberty interest** guaranteed under the Fourteenth Amendment's Due Process Clause, as recognized by the U.S. Supreme Court in *Troxel v. Granville*, 530 U.S. 57 (2000), and *Santosky v. Kramer*, 455 U.S. 745 (1982).

**{¶ 18}** Mao's final assignment of error challenges the trial court's failure to grant her make-up parenting time despite agreeing that she was entitled to parenting time every Wednesday during the school year. She asserted below that Bright had denied her parenting time every other Wednesday for the previous three years and eight months. She contends the trial court's failure to compensate for this missed parenting time violated her substantive due process rights.

**{¶ 19}** Upon review, we see no due process violation. With one exception, Mao's motion for make-up parenting time addressed missed parenting time that occurred prior to the June 30, 2025 final judgment entry and divorce decree. Any pre-decree issues should have been raised and resolved before the trial court filed its divorce decree and allocated parental rights and responsibilities by designating Bright the residential parent and awarding Mao parenting time. Specifically, if Bright deprived Mao of interim parenting time for years, she should have obtained compensatory parenting time prior to finalization of the divorce. "Decrees allocating parental rights and responsibilities are final orders. Like any other final order, the doctrine of res judicata applies to merge any subsequent related grounds for relief into the decree and the relief granted. That rule ordinarily bars further claims for relief on those grounds, depriving the court that issued the order of jurisdiction to modify it." *Averill v.*

7

*Bradley*, 2001 WL 1597881, *3 (2d Dist. Dec. 14, 2001). Here the divorce decree lacks any provision awarding Mao make-up time for missed parenting time prior to the filing of the decree, and she cannot obtain that relief now.

{¶ 20} The trial court did possess continuing jurisdiction to enforce the terms of the divorce decree or to modify it based on post-decree events. *Id*. But Mao's motion sought compensatory parenting time for only one instance of post-decree missed time. The June 30, 2025 divorce decree granted her Wednesday parenting time during the school year. Midweek parenting time did not apply during the summer, when the parties instead alternated full weeks of parenting time. Mao's motion for make-up parenting time asserted that Bright had failed to provide her with parenting time on Wednesday August 27, 2025, which apparently was the first week of the new school year.

{¶ 21} We have recognized that trial courts enjoy "broad discretion" in awarding make-up parenting time. *In re Wolfe*, 2001 WL 128884, *4 (2d Dist. Feb. 16, 2001). Even when a party interferes with parenting time contemptuously, granting make-up time remains within a trial court's discretion. *Huff v. Huff*, 1995 WL 600012, *3 (2d Dist. Oct. 13, 1995). Here, of course, the trial court made no finding of contempt in connection with Mao's motion. Instead, it appears to have attributed Bright's actions to a genuine disagreement over interpretation of parenting-time language in the divorce decree. Even if the trial court had discretion to award Mao compensatory parenting time for one missed Wednesday, we see no abuse of discretion in its finding of no "necessity" for make-up time. We also are unconvinced that the trial court's failure to remedy one missed Wednesday rose to the level of an actionable substantive due process violation. The fourth assignment of error is overruled.

8

### III. Conclusion

**{¶ 22}** The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.